UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

    Karen E. Peralta a/k/a                      Case No. 12-40918-RAM
    Karen Geisinger,

        Debtor.                                 Chapter 13
_____/

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

      COMES NOW, Secured Creditor, THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-4 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-4 ("Movant"), by and through its undersigned attorney, and pursuant to Fed. R. Bankr. P. 3015(f) and hereby objects to the confirmation of Debtor's Chapter 13 Plan ("Plan"). In support of its objection MOVANT states as follows:

      1.     MOVANT holds a security interest in Debtor's real property by virtue of a mortgage recorded in Official Records Book 23938 Page 1540 in the Public Records of Miami Dade County, Florida on November 7, 2005. The subject property is commonly described as **1865 Brickell Avenue, Unit A-803, Miami, FL 33129**. The legal description is as follows:

> **UNIT NO. A-803 OF BRICKELL PLACE CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORD BOOK 9178 AT PAGE 973 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA, TOGETHER WITH AN UNDIVIDED IN THE COMMON ELEMENTS APPURTENANT THERETO AND ALL AMENDMENTS THERETO AS SET FORTH IN SAID DECLARATION.**

      2.     As a Secured Creditor, MOVANT is a party in interest which may object to the Plan.

1

3. The subject loan is in default.

4. MOVANT intends to timely file its proof of claim prior to claims bar date of May 29, 2013 showing the total secured claim owed to Secured Creditor of approximately $456,067.72, of which $170,911.86 are for arrearages.

5. The Debtor's Plan does not include MOVANT's claim, nor does the Plan indicate treatment of the Subject Property.

6. The Plan fails to treat MOVANT's claim property. The plan does not surrender the property nor does it include plan payments or arrearages owed to MOVANT. The lack of proper treatment of MOVANT in the current Plan proposed by Debtor will cause arrearages to accrue post-petition.

7. The Plan fails to meet the requirements of confirmation.

8. Should the Debtor amend their plan to either: (1) surrender the subject property; (2) make their regular monthly payment through the plan or directly by the debtor, along with all outstanding arrearages through the life of the plan; or (3) agree to immediate in rem relief from stay, MOVANT will withdraw its Objection to the Confirmation of the Plan.

WHEREFORE, MOVANT respectfully requests this Court deny confirmation of the Debtor's Chapter 13 Plan until such time as Debtor proposes to pay back the total amount claimed by MOVANT.

Respectfully submitted,

By: /s/ David J. Kim
David J. Kim, Esq.
Florida Bar No.: 74368
Clarfield, Okon, Salamone & Pincus, P.L.
500 South Australian Avenue, Suite 730
West Palm Beach, FL 33401
Tel: (561) 713-1400
dkim@cosplaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 6, 2013, I served the foregoing document by U.S. Mail or CM/ECF, upon the following parties in interest as further indicated below:

**Michael A. Frank, Esq.**
10 NW Lejeune Road #620
Miami, FL 33126
Email: pleadings@bklawmiami.com
(Via CM/ECF)

**Nancy N. Herkert, Trustee**
P.O. Box 279806
Miramar, FL 33027
(Via CM/ECF)

**Office of the US Trustee**
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
(Via CM/ECF)

**Karen E Peralta**
3250 NE 1 Ave # 1009
Miami, FL  33137
(Via U.S Mail)

/s/ David J. Kim  _____
David J. Kim, Esq.
CLARFIELD, OKON, SALOMONE & PINCUS, P.L